IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 11-3402-TUC-DCB(LAB) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Robbin Shea Brown,<br>Patrick Ronald Woodard, | ) | |
| Defendants. | ) | |

The District Court referred this case to the Magistrate Judge for a hearing on Defendant Brown's motion to suppress evidence and request for Murray/Franks evidentiary hearing. Defendant Woodard filed a joinder. (Doc. 140). The defendants argue that all evidence acquired as a result of the attachment of the GPS device to Brown's rental vehicle must be suppressed because it was an illegal search, in violation of defendants' Fourth Amendment rights. (Doc. 132). The government maintains that the defendants have no standing to contest the GPS tracking device because neither had a legitimate expectation of privacy in the vehicle that society accepts as objectively reasonable.

A hearing was held on October 18, 2012. No witnesses testified. Thereafter, supplemental pleadings were filed by the government (Doc. 150), Defendant Brown (Doc. 155), and Defendant Woodard (Doc. 170). An evidentiary hearing was held on December 4, 2012. Homeland Security Investigations (HSI) Agent Ian Cruikshank testified.

**<u>Charge:</u>**

1  Defendants Brown and Woodard are charged by indictment in Count 1 with conspiracy to possess with intent to distribute 440 kilograms of marijuana, in violation of Title 21 United States Code §§ 841(a)(1) and 841(b)(1)(B)(vii). Brown alone is charged in Count 2 with possession with intent to distribute 134 kilograms of marijuana, in violation of Title 21 United States Code §§ 841(a)(1) and 841(b)(1)(B)(viii), and Title 18 United States Code § 2. Brown and Woodard are charged in Count 3 with possession with intent to distribute 306 kilograms of marijuana, in violation of Title 21 United States Code §§ 841(a)(1) and 841(b)(1)(B)(vii) and Title 18 United States Code § 2. (Doc. 1).

**Motion to Suppress Evidence - Standing:**

The defendants argue that their Fourth Amendment rights were violated when federal agents placed a GPS tracking device on a vehicle rented by Brown, while it was parked on a public street in front of Co-Defendant Joshua Breshears' residence. The tracking device was affixed to the vehicle on 7/18/11. At that time, Ninth Circuit precedent held that installation and use of a vehicle tracking device was not a search or seizure, *U.S. v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir. 1999). Defendants argue that because the U.S. Supreme Court had granted certiorari in *U.S. v. Jones*, 565 U.S. ___ at *3 (2012), the government was on notice that affixing the GPS tracking device without a warrant was a Fourth Amendment violation.

The government argued that neither Brown nor Woodard had a reasonable expectation of privacy in the vehicle, which precludes them from challenging the search. The court concludes that these defendants do not have standing to challenge the search of the vehicle. If the defendants had standing, the Court would have found that the agents violated the Fourth Amendment by attaching the tracking device to the vehicle without a warrant. However, the agents acted in good faith and complied with then current law, which would have resulted in a recommendation that the District Court deny the motion to suppress evidence. *Davis v. U.S.*, 131 S.Ct. 2419, 2426 (2011).

**FACTS:**

The parties stipulated that on July 14, 2011, Robbin Shea Brown rented a silver 1997

1 | Toyota 4-Runner from Best Car Rental in Tucson, AZ. (Ex. 13).

**Ian Cruikshank** -

Agent Cruikshank testified that on July 18, 2011, Defendant Brown's rental vehicle was parked in front of Co-Defendant Joshua Breshears' residence on the public roadway. (Doc. 201, pp. 59-61). Law enforcement officers conducting surveillance observed no one in or near the vehicle or the house from 7:00 pm until 9:30 pm when the GPS device was affixed to the vehicle. (Doc. 201, pp. 61-62, 63). The vehicle was registered to a local rental agency known to be used by drug and alien smuggling organizations and had been encountered with narcotics twice in the past. (Doc. 201, pp. 60-61; Ex. 11). Breshears was under investigation at the time. (Doc. 201, p. 61).

The tracking device recorded the vehicle leaving and returning to Breshears' residence on 7/19/12. The next time the vehicle was seen was on 7/20/11. Breshears was driving the vehicle around town. (Doc. 201, p. 64). No one else was seen driving the vehicle that day. (Doc. 201, p. 66).

The next day, the vehicle was monitored leaving Tucson at about 10:25 a.m. and driving to a known drug trafficking area south of Sonoita where it paused for approximately 5 minutes before driving north along a route which bypassed the Sonoita Border Patrol checkpoint on highway 83. (Ex. 11). The vehicle was next seen on 7/21/11 as it drove into Tucson from Interstate 10 east, along with a Toyota Camry and another vehicle. (Doc. 201, pp. 66-67). The rental vehicle exited the interstate and went to the Red Lobster Restaurant at Oracle and River. (Doc. 201, p. 67). Woodard was seen getting out of the driver's side. (Doc. 201, p. 67). The rental vehicle's movements were tracked throughout the day by virtue of the GPS tracking device. (Doc. 201, p. 39).

Later on the day of 7/21/11 the Toyota Camry was seen in the Albertson's parking lot. Brown was the driver. Breshears was seen exiting the passenger side. Woodard and Guerrero were in the back seat. (Doc. 201, p. 42). Based on the tracking device, it was determined that the rental vehicle entered the same parking lot. (Doc. 201, p. 43).

Prior to his arrest on 7/21/11, Brown was stopped while driving a 2008 Toyota Camry.

1 The GPS device indicated that his rental vehicle was 400 yards away at the time. (Doc. 201. P. 93).

During that day, agents conducted surveillance on the rental vehicle and also relied on location information from the GPS tracking device. (Doc. 201, p. 92). From the time the tracking device was installed until the time the vehicle was seized, the GPS monitored all of the rental vehicle's movements. (Doc. 201, p. 93).

At no time during the surveillance of Brown's rental vehicle was Brown seen driving the vehicle. (Doc. 201, p. 67). There is no direct evidence that Brown gave the vehicle to Breshears nor that Brown maintained possession or control of it. (Doc. 201, p. 94). Surveillance video from several convenience stores showed Brown, Woodard and Breshears in the stores at the time the GPS tracking device placed the rental vehicle in the stores' parking lots. (Doc. 201, p. 82).

After Woodard was arrested on 10/6/12 he gave a statement to Agent Cruikshank explaining that on 7/21/11 he drove the rental vehicle from Tucson to Sonoita and back again loaded with marijuana. (Doc. 201, p. 94-95). No evidence was presented regarding how he acquired possession of the vehicle or from whom.

**DISCUSSION:**

Defendant Brown argues that he had a legitimate expectation of privacy in the rental vehicle, which society accepts as objectively reasonable, because he rented it and was an authorized driver. That is the basis of his argument that his Fourth Amendment rights were violated when the GPS tracking device was affixed to the vehicle without a warrant. Defendant Woodard argues that he had a reasonable expectation of privacy in Brown's rental vehicle because he was driving the vehicle with the renter's permission. He likewise challenges the placement of the tracking device on the vehicle without a warrant.

The defendants have the burden of proving a legitimate expectation of privacy. *Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556 (1980).

**Brown** - Brown initially had a reasonable expectation of privacy in the rental vehicle while he retained control and possession of it, because he was the lessee. *U.S. v. Henderson*,

241 F.3d 638, 645 (9th Cir. 2000). However, at the time the tracking device was affixed to the vehicle there is no evidence that Brown was still in possession or control of it. Based on circumstantial evidence, it appears that Brown lent the vehicle to Breshears for his exclusive use. Brown therefore relinquished his expectation of privacy. *U.S. v. One 1977 Mercedes Benz*, 708 F.2d 444, 449 (9th Cir. 1983).

The vehicle was parked in front of Breshears' house and he was observed driving it alone to several locations in Tucson on 7/20/11. The only evidence that Brown may have been in the rental vehicle from the time the tracking devise was affixed until the time he was detained was surveillance video from several convenience stores taken on 7/21/11. Brown, Woodard and Breshears were in those stores at the same time that the GPS tracking device placed the vehicle in those parking lots.

Brown presented no evidence that he maintained possession or control over the rental vehicle. The government presented evidence that other individuals had exclusive control and possession of the vehicle. Brown does not have standing to challenge the search of the vehicle.

**Woodard -** Woodard was seen parking Brown's rental vehicle and exiting the driver's side door, leaving the vehicle unattended. Agent Cruikshank testified that in a post-arrest statement, Woodard admitted that he drove the rental vehicle from Tucson to a remote area near Sonoita, Arizona and then back to Tucson loaded with marijuana. Noe Guerrero was the passenger.

The Court concludes that Woodard did not have a reasonable expectation of privacy in the vehicle because there is no evidence that he had permission from the lessee, Brown, to possess the vehicle. *U.S. v. Thomas*, 447 F.3d 1191, 1199 (9th Cir. 2006).

**RECOMMENDATION:**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court **DENY** the motion to suppress evidence based on the defendants' lack of standing to challenge the warrantless placement of the GPS tracking device on

Brown's rental vehicle. In the alternative, the motion should be denied because the Ninth Circuit law at the time held that use of a vehicle tracking device was not a search or seizure.

Defense counsel may serve and file written objections within 14 days. If objections are not timely filed, the parties' right to de novo review may be waived. No reply shall be filed unless leave is granted from the District Court.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

DATED this 4th day of January, 2013.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge