# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
|       Plaintiff, ) | |
| ) | CR 11-3402 TUC DCB (LAB) |
| v. ) | |
| ) | **O R D E R** |
| Robbin Shea Brown, Patrick Ronald Woodard, ) | |
| ) | |
|       Defendants, ) | |
| _____ ) | |

      The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant Brown's Motion to Suppress Evidence (Doc. 132). Defendant Woodard joined in the motion (Doc. 140). Defendant Woodard filed an Objection (Doc. 226) to the R&R, in which Defendant Brown joined, (Doc. 227).

## MAGISTRATE JUDGE'S RECOMMENDATION

      On January 4, 2013, Magistrate Judge Leslie A. Bowman issued four R&Rs in this case. There were no objections, except to the R&R that this Court deny the Motion to Suppress evidence acquired as a result of the attachment of a GPS device to Defendant Brown's rental vehicle. Magistrate Judge Bowman concluded the Defendants do not have standing to challenge the search. Defendant Brown was the lessee, and Defendant Woodard was the driver of the vehicle. Further, she concluded that if standing existed, the attachment of a GPS device to the 4Runner was a constitutional violation under *United States v. Jones*, 132 S. Ct. 945 (2012), but the agents nevertheless acted in good faith compliance with the then existing law, *United States v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir. 1999). And, she would have recommended the District Court deny the motion to suppress. *Davis v. United States*, 131 S.

Ct. 2419, 2426 (2011) (exclusionary rule does not apply to attachment of GPS device on vehicle because search conducted in objectively reasonable reliance on binding appellate precedent).

STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3; 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objection filed by the Defendant Woodard, in which Defendant Brown joins, the Government's Response, and the parties' briefs considered by the Magistrate Judge on the Motion to Suppress in respect to the objections.

OBJECTIONS

Defendant Woodard argues that as a matter of fact, he had a reasonable expectation of privacy in the vehicle because he had permission from the lessee, Brown, to possess it. He argues that a person may have standing if he can show there was joint control or common authority over the vehicle. *United States v. Thomas*, 447 F.3d 1191 (9th Cir. 2007). Woodard argues he had permission from Brown to drive the 4Runner load vehicle. Woodard argues the Magistrate Judge ignored evidence that Brown, the lessee of the 4Runner, was driving the lead vehicle, a Saturn, with Woodard following in tandem in the 4Runner. Additionally, Woodard complains the Magistrate Judge ignored evidence that the 4Runner was operated twice by other people, including Woodard, during the seven-day rental period. Woodard believes the facts create a reasonable inference that he had permissive use of the 4Runner, and therefore, has standing to move to suppress the evidence obtained as a result of the illegal GPS device.

Defendant Woodard does not object to the Magistrate Judge's legal conclusion that if standing exists, the motion to suppress must be dismissed under *McIver*, the existing law at the time of the search made subject to the GPS device attached to the 4Runner, which was prior to the Supreme Court decision in *Jones, but after the Supreme Court had granted certiorari* to review the case. The Court finds the motion fails as a matter of law.

Also, the Court finds that Defendants' Motion to Suppress fails as a matter of fact. The testimony before the Magistrate Judge was that Defendant Brown rented the 4Runner, but during the time it was surveilled by the GPS monitoring device Defendant Brown was never seen driving it. Defendant Woodard gave a statement at the time of his arrest that he was driving the 4Runner when it served as the load vehicle for transporting marijuana by driving it from Tucson to Sonoita and back. As noted by the Magistrate Judge the burden is on the Defendants to prove a reasonable expectation of privacy. (R&R at 4.)

Brown had such an expectation when he originally leased the vehicle but the evidence reflects that Brown did not have possession of the vehicle and had relinquished

- 3 -

control of it to Breshears at the time the tracking device was attached to it outside co-defendant Breshears' house, who was also observed driving it. *Id.* at 4-5.

In the Ninth Circuit, a defendant not listed on a lease agreement may have standing to challenge a search, if the unauthorized driver received permission to use the rental car and has joint authority over the car. *Thomas*, 447 F.3d at 1198.  Here, the circumstantial evidence supports Defendant Woodard's assertion of standing: he drove the 4Runner in tandem with a vehicle driven by Brown, and the Government's surveillance showed he drove the car to a Circle K where he met up with Brown.  A reasonable conclusion would be that Brown permitted Woodard to use the rental car.  The Court agrees with the Magistrate Judge that this evidence fails to establish that Woodard had a privacy interest in the 4Runner.  For example in *United States v. Portillo*, 633 F.2d 1313 (9th Cir.1980), the Ninth Circuit held that the defendant had standing to challenge a search of a car owned by his friend where the defendant "had both permission to use his friend's automobile and the keys to the ignition and the trunk, with which he could exclude all others, save his friend, the owner." *Id.* at 1317.   There no evidence presented in this case that Brown gave Woodard such permission or authority over the rented 4Runner.  Instead, the evidence reflects that others also drove the vehicle.

## CONCLUSION

After *de novo* review of the issues raised in Defendants' objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending Motion to Suppress.  The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendant's Motion to Suppress Evidence.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's Report and Recommendation (Doc. 204) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (Doc. 132/140) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Leslie A. Bowman for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.

DATED this 28th day of February, 2013.

David C. Bury
United States District Judge